## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIGNA VASQUEZ BRUNO | * | |
| c/o Zipin, Amster & Greenberg, LLC | * | |
| 8757 Georgia Avenue, Suite 400 | * | |
| Silver Spring. MD 20910 | * | |
| | * | |
| *Individually and on behalf of all others* | * | |
| *similarly situated*, | * | |
| | * | |
| Plaintiff, | * | Case No. 1:22-cv-816 |
| | * | |
| v. | * | |
| | * | |
| CLEAN ADVANTAGE CORPORATION | * | |
| 9701 Philadelphia Court, Suite G-7 | * | |
| Lanham, MD 20706 | * | |
| | * | |
| Serve: CT Corporation System | * | |
| 1015 15th Street NW | * | |
| Washington, DC 20005 | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      The plaintiff, Digna Vasquez Bruno ("Plaintiff"), brings this Class and Collective

Action Complaint against the defendant, Clean Advantage Corporation ("Defendant").

2.      This action is brought by Plaintiff individually and on behalf of other similarly

situated individuals seeking unpaid wages, liquidated damages, reasonable attorney's fees and

costs, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), the

D.C. Wage Payment and Wage Collection Act ("DCWPA"), and the D.C. Minimum Wage Act

Revision Act ("DCMWA").

3.      This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based

upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

4.     This Court has personal jurisdiction because during the relevant period, Defendant operated substantially and continuously providing janitorial services to commercial property owners within the jurisdictional limits of the District of Columbia.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred within this judicial district.

6.     The claims for violations of the DCWPA and DCMWA are based upon the statutory law of the District of Columbia.

7.     This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because they arise out of the same nucleus of operative fact as the FLSA claims.

8.     All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

9.     At all times material to this action, Defendant qualified as the employer of Plaintiff and the putative collective within the defined scope of the FLSA, 29 U.S.C. § 203(d).

10.     At all times material to this action, Plaintiff and members of the putative collective were individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

11.     At all times material to this action, Defendant qualified as an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

2

12.     Plaintiff's consent to sue and act as class/collective representative is attached hereto as Exhibit 1.

**THE PARTIES**

13.     Plaintiff is an adult resident of Brentwood, Maryland.

14.     Defendant is a Delaware corporation engaged in the business of providing janitorial services to residential and commercial buildings in the District of Columbia, Maryland, and Virginia.

15.     Defendant's principal office is located at 9701 Philadelphia Court, Suite G-7, Lanham, Maryland.

**STATEMENT OF FACTS**

16.     Plaintiff worked for Defendant as a janitor from approximately August 16, 2018, until February 9, 2022.

17.     Throughout her employment, Plaintiff was assigned to work at the Van Ness North Cooperative high-rise apartment building located at 3001 Veazey Terrace NW, Washington, DC.

18.     Plaintiff and the putative class and collective members frequently worked more than 40 hours per week.

19.     Defendant did not pay Plaintiff and the putative class and collective members at the rate of one and one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek.

20.     At all times relevant to this action, Defendant had actual knowledge of the Federal and District of Columbia overtime compensation requirements.

21.     At all times relevant to this action, Defendant had actual knowledge that its failure to pay Plaintiff and the putative class and collective members at proper overtime rates was in direct violation of the Federal and District of Columbia overtime compensation requirements.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff restates, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

23.     Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b).  The proposed collective is defined as follows:

> All current and former janitorial workers, employed by Clean Advantage Corporation in the District of Columbia, Maryland, and Virginia, who were not paid overtime for all hours worked over 40 in workweeks compensable on or after March 25, 2019 (the "FLSA Collective").

24.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and her consent form is attached as Exhibit 1.  As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

25.     Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

26.     Plaintiff and the FLSA Collective frequently worked over forty (40) hours in a workweek and were not compensated with overtime pay at the rate of one and one-half times their regular hourly rate for hours worked in excess of forty hours in each one-week period.

27.     Defendant knew that Plaintiff and other members of the FLSA Collective worked overtime for which they were not compensated.

28.     Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

29.     Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

30.     Defendant is and was aware of the FLSA's requirements.

31.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

32.     Notice of this action should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## DCMWA/DCWPA CLASS ACTION ALLEGATIONS

33.     Plaintiff restates, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

34.     Plaintiff brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23.  The proposed Rule 23 Class is defined as:

> All current and former janitorial workers, employed by Clean Advantage Corporation in the District of Columbia, who were not paid overtime for all hours worked over 40 in workweeks compensable on or after March 25, 2019 (the "Rule 23 Class").

35.     The persons in the proposed Rule 23 Class are so numerous that joinder of all members is impracticable.  While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed more than 100 individuals to provide janitorial services to its clients in the District of Columbia during the applicable limitations period.  Plaintiff and the proposed Rule 23 Class have been similarly affected by Defendant's violations of law.

36.    There are questions of law and fact common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including:

      a.    whether Defendant failed and/or refused to pay the proposed Rule 23 Class overtime pay for all hours worked in excess of forty (40) hours per workweek in violation of D.C. Code § 32-1003(c);

      b.    the proper measure of damages sustained by the proposed Rule 23 Class; and

      c.    whether Defendant's violations were willful.

37.    Plaintiff's claims are typical of those of the proposed Rule 23 Class.  Plaintiff, like other members of the proposed Rule 23 Class, was subject to Defendant's unlawful pay practices, resulting in the failure to compensate them for all hours worked.

38.    Plaintiff will fairly and adequately protect the interests of the proposed Rule 23 Class and has retained counsel experienced in wage and hour and class action litigation.

39.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

40.    Important public interests will be served by addressing the matter as a class

action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties.  The issue in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

41.     Defendant violated the District of Columbia wage payment laws.  Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks

## COUNT I
### Violation of the FLSA

42.     Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

43.     Pursuant to the FLSA, Defendant was required to pay Plaintiff and the FLSA Collective at the rate of one-and-one-half times their regular hourly rate for overtime worked over forty (40) hours per week.

44.     As set forth above, Defendant failed to pay Plaintiff and the FLSA Collective the required time-and-one-half rate for overtime worked over forty (40) hours per week.

7

45.     As set forth above, Defendant knowingly and intentionally violated the FLSA overtime compensation requirement by paying Plaintiff and the FLSA Collective for overtime worked over forty (40) hours per week at regular non-overtime rates.

46.     Defendant's conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

47.     Plaintiff and the FLSA Collective seek to recover from Defendant the following damages:

    a.      Unpaid overtime wages;

    b.      Statutory liquidated damages;

    c.      Costs and attorneys' fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made; and

    d.      All other legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation of the DCMWA

48.     Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

49.     Pursuant to District of Columbia law, Defendant was required to pay Plaintiff and the Rule 23 Class at the rate of one-and-one-half times their regular hourly rate for overtime worked over forty (40) hours per week.

50.     As set forth above, Defendant failed to pay Plaintiff and the Rule 23 Class the required time-and-one-half rate for overtime worked over forty (40) hours per week.

51.     As set forth above, Defendant knowingly and intentionally violated the District of Columbia overtime compensation requirement by paying Plaintiff and the Rule 23 Class for overtime worked over forty (40) hours per week at regular non-overtime rates.

52.     Plaintiff and the Rule 23 Class seek to recover from Defendant the following damages:

     a.     Unpaid overtime wages;

     b.     Statutory liquidated damages;

     c.     Costs and attorneys' fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made; and

     d.     All other legal and equitable relief as the Court deems just and proper.

## COUNT III
## Violation of the DCWPA

53.     Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

54.     District of Columbia law required Defendant to pay Plaintiff and the Rule 23 Class members all wages due and owing for work duties performed.

55.     As set forth above, without legal excuse or justification, Defendant failed to pay Plaintiff and the Rule 23 Class all wages due and owing for overtime Plaintiff and the Rule 23 Class members worked over forty (40) hours per week, paying these individuals at regular hourly rates rather than the higher time-and-one-half overtime rates.

56.     As a result of Defendant's unlawful policies and practices, Plaintiff and the Rule 23 Class have been deprived of compensation due and owing.

57.     Plaintiff and the Rule 23 Class seek to recover from Defendants the following damages:

      a.      Unpaid overtime wages;

      b.      Statutory liquidated damages;

      c.      Costs and attorneys' fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made; and

      d.      All other legal and equitable relief as the Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff on behalf of herself and the putative FLSA Collective and Rule 23 Class members prays that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Plaintiff as representative of all those similarly situated in the FLSA collective action;

2. Issue an Order certifying this action as a class action under the DCMWA and DCWPA, and designate Plaintiff as representative of all those similarly situated in the Rule 23 Class;

3. Award Plaintiff and all Collective and Class members actual damages for all wages found due to them, plus an award of statutory liquidated damages as provided by the FLSA, DCMWA, and DCWPA;

4. Award Plaintiff and the Collective and Class members costs and attorneys' fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made; and

5.   Award Plaintiff and the Collective and Class members further legal equitable relief as

this Court deems necessary, just and proper.

Respectfully submitted,

 _/ s / Mariusz Kurzyna_

Mariusz Kurzyna (Bar No. 229656)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

_Counsel for Plaintiff and the putative class
and collective_